UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERENCE K. WOLFE,

        Plaintiff,

v.                             CASE NO.  8:09-CV-1207-T-17AEP

THE SOLOMON LAW GROUP,
P.A.,

        Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 80  Motion to Alter or Amend, or, in the Alternative,
          For Relief From Order Entered on September
          28, 2012
Dkt. 81  Response in Opposition

Plaintiff Terence K. Wolfe moves to alter or amend, pursuant to Fed. R. Civ. P. 59(e), or , in the alternative, pursuant to Fed. R. Civ. P. 60, for entry of an order vacating or amended the Order of September 12, 2012 (Dkt. 79), which denied Plaintiff's Motion to Reopen and Motion to Set for Trial.

Defendant Solomon Law Group P.A. opposes Plaintiff's Motion.


I. Procedural Background

The Court was notified of the settlement of this case by Plaintiff's counsel.  (Dkt. 55).  The Court administratively closed the case, and cancelled the scheduled pretrial

Case No. 8:09-CV-1207-T-17AEP

Court granted.  (Dkt. 61).  Plaintiff's counsel filed a notice of charging lien.  (Dkt. 65).

On June 3, 2011, Plaintiff Wolfe filed a Chapter 7 bankruptcy case.  For reference, a copy of the docket is attached to this Order.  The Bankruptcy Court entered a Discharge of Debtor on September 13, 2011.  One of the debts discharged was the charging lien of Plaintiff's counsel for this case in the amount of $10,237.78.  Plaintiff Wolfe did not list this case as an asset in Schedule B, Personal Property, item 21, "Other contingent and unliquidated claims of every nature."  Plaintiff did not list this case at item 35, "Other personal property of any kind."   Plaintiff Wolfe listed this case in his Statement of Financial Affairs, at item 4, "Suits and administrative proceedings, executions, garnishments and attachments," listing all suits and administrative proceedings to which Plaintiff Wolfe was a party within one year immediately prior to the filing of the bankruptcy case.

On October 10, 2011, Plaintiff Wolfe filed a "Motion to Reopen Case, Notice of Revocation of Settlement, and Set For Trial." (Dkt. 66).  The Motion was denied.  (Dkt. 79).   This case remains administratively closed, and no final order or judgment has been entered.

II.  Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion.  Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).  There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

2

Case No. 8:09-CV-1207-T-17AEP

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

III. Discussion

In the Motion to Reopen, Plaintiff Wolfe sought to reopen this case, revoke the settlement, and set this case for trial.  As to Plaintiff's current Motion seeking review of the denial of the Motion to Reopen, Plaintiff's Motion is properly viewed as a Rule 59(e) motion  rather than a Rule 60 motion.  Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1020 (11th Cir. 1988).

Plaintiff Wolfe argues that the Court's Order (Dkt. 79) should be vacated, is without a proper basis, and represents errors of fact and law.

A.  Standing

Plaintiff argues that this case was disclosed to the U.S. Trustee, and was abandoned to Debtor/Plaintiff.  Plaintiff Wolfe argues that the undisputed evidence establishes that this case was knowingly abandoned by the U.S. Trustee.

The Report of the U.S. Trustee dated 7/9/2011 appears in the docket for Plaintiff's bankruptcy case:

Case No. 8:09-CV-1207-T-17AEP

Meeting of Creditors Held and Concluded on **7/8/2011.** Chapter 7 Trustee's Report of No Distribution: I, Angela Welch Esposito, having been appointed trustee of the estate of the above-named debtor(s),report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent search and inquiry in to the financial affairs of the debtor(s) and the location of the property belonging to the estate, and that there is no property available for distribution from the estate over and above that exempted by law.  Pursuant to Fed.R.Bank.P. 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered.  I request that I be discharged from any further duties as trustee.  Key information about this case as reported in the schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months.  Assets Abandoned (without deducting any secured claims): $29368.42, Assets Exempt: Not Available, Claims Scheduled: $232400.50; Claims Asserted: Not Applicable, Claims Scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from the discharge): $232400.50.

11 U.S.C. Sec. 554 provides:

a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under section (a) or (b) of this section and that is not administered in the case remains property of the estate.

4

Case No. 8:09-CV-1207-T-17AEP

11 U.S. C. Sec. 521(1)  provides in part:

> The debtor shall—(1) file a list of creditors, and unless the court orders
> otherwise, a schedule of assets and liabilities, a schedule of current
> income and current expenditures, and a statement of the debtor's financial
> affairs[.]

The U.S. Trustee abandoned the Personal Property listed in Schedule B,
$29,368.42.  This case is not listed in Schedule B, and is not included in the above
amount of Personal Property.

As to abandonment by operation of law pursuant to Sec. 554(c), in that context
"scheduled" connotes a listing of the asset in the debtor's schedule of assets and
liabilities.  In re Winburn, 167 B.R. 673, 676 (Bk. N.D. Fla. 1993); In re Harris, 32 B.R.
125 (Bk. S.D. Fla. 1983).  The Court has attached a copy of Plaintiff's Schedule B,
Personal Property, to this Order.  An asset which is not abandoned pursuant to Sec.
554 (a), (b) or (c) remains property of the estate pursuant to Sec. 554 (d).

After consideration, the Court denies Plaintiff's Motion to Alter or Amend as to
standing.

B.  Judicial Estoppel

The Court included a determination on the issue of judicial estoppel as an
alternative to the determination as to standing.  The Court determined that Plaintiff does
not have standing to pursue Plaintiff's FLSA claim, and has denied the Motion for
Reconsideration.  In the interest of completeness, the Court will address judicial
estoppel.

5

Case No. 8:09-CV-1207-T-17AEP

Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002). The doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. Burnes outlines two primary factors for establishing the bar of judicial estoppel: 1) First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding; and 2) Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system. Id. at 1285. The Court must further give due consideration to the circumstances of the particular case. Id.

1. Inconsistent Positions Under Oath

The Court looks to Plaintiff's declaration as to the accuracy of Plaintiff's schedules, and the information provided in Plaintiff's other papers. Plaintiff represented under oath that Plaintiff included all of Plaintiff's personal property in Schedule B, and represented that this case was "pending trial," when the case was administratively closed, as to Plaintiff's Statement of Financial Affairs.

a. Schedule B

Plaintiff did not include this case as an asset. However, Plaintiff does expect to receive money to compensate for unpaid overtime compensation. The DOL determined that Plaintiff was entitled to the gross amount of $213.10 for unpaid overtime. (Dkt. 12, p 6). Before filing suit, Plaintiff demanded $1,330.62 for unpaid overtime compensation and liquidated damages. (Dkt. 12, p. 5). After suit was filed, Defendant filed an Answer in which Defendant generally denied that the failure to pay overtime was willful. (Dkt. 26). At the summary judgment stage, Plaintiff filed a

Case No. 8:09-CV-1207-T-17AEP

declaration contending Plaintiff was entitled to unpaid overtime compensation of $665.26. Therefore, Plaintiff was seeking a total amount for unpaid overtime compensation and liquidated damages of $1,330.52.

It is unclear to the Court why Plaintiff did not proceed with the settlement reached by Plaintiff's counsel. At the meeting of creditors, Plaintiff testified that the settlement was in the neighborhood of $2,000.00, an amount which is excess of the amount sought by Plaintiff for unpaid overtime and liquidated damages. Based on the amount included in Schedule F, the Court knows that the attorney's fees and costs of Plaintiff's counsel were $10,237.78. FLSA settlement agreements generally include an amount to the plaintiff to compensate for unpaid wages and liquidated damages, and a separate amount for plaintiff's attorney's fees and costs, in exchange for the release of the claim. The payment of a reasonable attorney's fee is mandatory pursuant to 29 U.S.C Sec. 216(b), but a defendant who demonstrates good faith may avoid payment of liquidated damages. Since the terms of the Settlement Agreement were never presented to the Court, the Court does not know the total amount Defendant offered for unpaid overtime, liquidated damages and attorney's fees and costs. Because Plaintiff chose not proceed with the settlement, the Court infers that Plaintiff believed that Plaintiff was entitled to some amount in excess of $2,000.00, aside from a reasonable attorney's fee to Plaintiff's counsel.

b. Statement of Financial Affairs

Plaintiff listed this case as "pending trial" in Plaintiff's Statement of Financial Affairs. At the time of the filing of Plaintiff's Chapter 7 proceeding, this case was administratively closed pursuant to the Notice of Settlement.

Case No. 8:09-CV-1207-T-17AEP

2. Mockery of the Judicial Process

When considering intent for the purpose of judicial estoppel, the Court requires "intentional contradictions, not simple error or inadvertence." Am. Nat'l. Bank of Jacksonville v. FDIC, 710 F.2d 1528, 1536 (11th Cir. 1983). "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for concealment." Barger v. City of Cartersville, Ga., 348 F.3d 1239, 1295-96 (11th Cir. 2003); See In re Coastal Plains, 179 F.3d 197, 210 (5th Cir. 1999).

Plaintiff Wolfe had filed his FLSA lawsuit before Plaintiff filed his bankruptcy petition.   Plaintiff had knowledge of the undisclosed claim; the issue is whether Plaintiff has a motive for concealment.

Plaintiff Wolfe contends that disclosure of this case in Plaintiff's Statement of Financial Affairs was sufficient to meet the statutory duty of disclosure and Plaintiff's omission from Schedule B was merely a mistake.   Plaintiff Wolfe argues that there is no evidence in the record to remotely suggest an "intent to manipulate the system."

When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure.   Casanova v. Pre Solutions, Inc., 228 Fed. Appx. 837, 841 (11th Cir. 2007).

The Court has considered the following:

1. Plaintiff's Education

Plaintiff has a BA in English, attended graduate school for two years in philosophy, and attended law school between 1991 and 1995.  (Dkt. 41-2, pp. 16-17).

8

Case No. 8:09-CV-1207-T-17AEP

2. Plaintiff's Training

Plaintiff has been a paralegal for 18 or 19 years .   (Dkt 41-2, p. 14).

Plaintiff has represented himself in the following cases:

Case No. 3:07-CV-416-J-25MCR         Glasgow v. Wolfe
Case No. 8:08-CV-1010-T-30MAP        Wolfe v. Glasgow
Case No. 3:08-CV-813-J-25TEM         Wolfe v. Glasgow

Case No. 8:09-CV-1207-T-17AEP

Plaintiff filed the Complaint in Plaintiff's FLSA case, then obtained
counsel.  Plaintiff worked for Defendant law firm as a litigation paralegal
from August 27, 2007 through March 14, 2008.  (Dkt. 1, p. 1).  After a
settlement was reached, Plaintiff terminated Plaintiff's counsel, and now
seeks to revoke the settlement and proceed to trial pro se.

Case No. 8:11-bk-10760-KRM

Plaintiff filed a Chapter 7 petition on 6/3/2011.   In Schedule B, Plaintiff did
not include this case in Item 21, "Other contingent and unliquidated claims
of every nature" or Item 35, "Other personal property of any kind not
already listed."  In Schedule C, Property Claimed as Exempt, Plaintiff
references particular Florida statutes, articles of the Florida constitution,
and sections of the U.S.C.A.  In Schedule F, Creditors Holding Unsecured
Nonpriority Claims, Plaintiff listed the amount owed to Plaintiff's counsel
for this case, $10,237.78.   In the Statement of Financial Affairs, Plaintiff
lists the status of this case as "pending trial" and not "administratively
closed based on settlement.  Plaintiff did not move to reopen, revoke the
settlement, and proceed to trial until after Plaintiff obtained a discharge.

Case No. 8:11-ap-638-KRM

Plaintiff filed an adversary proceeding as to dischargeability of Plaintiff's
student loan pursuant to 11 U.S.C. Sec. 523(a)(8) on 6/3/2011.

Case No. 8:09-CV-1207-T-17AEP

Plaintiff prepared all of the schedules and other papers comprising Plaintiff's Chapter 7 petition. Under penalty of perjury, Plaintiff declared that the summary and schedules were true and correct to the best of Plaintiff's knowledge, information and belief. (Case No. 8:11-bk-10760-KRM, p. 25). As to the other papers, under penalty of perjury, Plaintiff declared that the information provided was true and correct. (p. 47).

The real question is what motive Plaintiff had to conceal the value of this case from the Bankruptcy Court by omitting to list this case and its estimated value in Schedule B, and by inaccurately representing the status or disposition of this case in the Schedule of Financial Affairs. By omitting the lawsuit from Schedule B, Plaintiff avoided a representation of Plaintiff's estimate of the value that might conflict with Plaintiff's testimony pursuant to the questions of the U.S. Trustee at the 341 Meeting. The motivation to conceal the status of Plaintiff's FLSA case is the benefit to Plaintiff in presenting Plaintiff's version of the facts to the U.S. Trustee, with Plaintiff's expectation that the U.S. Trustee would abandon this case. As to the facts involved in the settlement, Plaintiff's version of the facts differs from Defendant's version of the facts. Defendant's counsel argued that Plaintiff's then-counsel was authorized to accept Defendant's settlement offer, based on written authorization, and did accept Defendant's settlement offer, after which a Notice of Settlement was filed. Plaintiff testified the settlement was "botched" in that the settlement was not completed by some time specified by Plaintiff, after which Plaintiff terminated Plaintiff's counsel. The settlement was not finalized. The cost of a trial would outweigh any financial benefit to the bankruptcy estate where the expected proceeds of Plaintiff's FLSA claim was, according to Plaintiff's testimony, only $2,000.00, leaving Plaintiff free to obtain money for Plaintiff's FLSA claim without any duty to pay the attorney's fees and costs owed to Plaintiff's counsel in the event a settlement was not finalized or Plaintiff did not prevail at trial. If Plaintiff had accepted the settlement offered by Defendant, it would have been the duty of Defendant to pay a reasonable attorney's fee. Unless Plaintiff accepted a settlement offer or prevailed at trial, the liability for attorney's fees and costs

Case No. 8:09-CV-1207-T-17AEP

at trial.   If Plaintiff had accepted the settlement offered by Defendant, it would have been the duty of Defendant to pay a reasonable attorney's fee.  Unless Plaintiff accepted a settlement offer or prevailed at trial, the liability for attorney's fees and costs remained with Plaintiff and exposed Plaintiff to a risk of loss.

Despite the fact that Plaintiff included the costs associated with this case as a liability, Plaintiff asks the Court to believe that Plaintiff did not understand that the money Plaintiff expected to receive from this case was an asset.   Despite Plaintiff's education and experience, Plaintiff asks the Court to believe that Plaintiff did not understand the words "Other contingent and unliquidated claims of every nature," "Other personal property of any kind," and "Status or disposition."   However, the Court finds Plaintiff's contention to be far outside the realm of reasonable belief.  The disclosure of this case in the Statement of Financial Affairs does not excuse Plaintiff's intentional omission from Schedule B.

3. Other Circumstances

The other circumstances which are relevant include the absence of any attempt to amend Plaintiff's Schedule B to include this lawsuit.   Soon after Plaintiff obtained a discharge, Plaintiff moved to reopen this case, revoke the settlement, and to proceed to trial.

Judicial estoppel is an equitable doctrine.  To permit a plaintiff to discharge the costs associated with a lawsuit and then permit a plaintiff to retain the expected proceeds of the lawsuit for himself, coupled with misrepresentations to the court under oath, is not equitable .  After consideration, the Court concludes that Plaintiff had knowledge of this lawsuit, had a motive to conceal the lawsuit and accurate facts about the lawsuit from the Bankruptcy Court, and has not rebutted the inference of intentional misrepresentation.  In the event that it is determined that Plaintiff has standing, the

11

Case No. 8:09-CV-1207-T-17AEP

ORDERED that Plaintiff's Motion to Alter or Amend is **denied**, and the alternative Motion for Relief from Order is **denied as moot.**

DONE and ORDERED in Chambers, in Tampa, Florida on this _____ day of September, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

12